Argued and submitted October 29, reversed and remanded December 17, 2014

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RANDY MARK MURRAY,
*Defendant-Appellant.*

Multnomah County Circuit Court
121052012; A153755

341 P3d 159

Emily P. Seltzer, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for violating a court's stalking protective order. ORS 163.750. He contends that the trial court erred in admitting the stalking protective order and the victim's petition for the stalking protective order, both of which, in defendant's view, should have been excluded under OEC 403.[1]

Before trial, the state moved to admit state's Exhibit 1, which included a copy of the final stalking protective order and judgment; a copy of the temporary stalking protective order; and a copy of the victim's petition for a stalking protective order, in which the victim detailed the conduct by defendant that entitled her to the order. Defendant objected, stating that he would stipulate to the existence of the order. During the discussion that followed, the state offered to "remove the petition for the stalking and [*sic*] protective order"—that is, as the court described it, with the petition "redacted." Defendant did not agree, stating that he preferred only a jury instruction reflecting his stipulation. The court ruled that Exhibit 1 would not be admitted but told the state that it could renew its motion at trial. Later, during trial, the state renewed its argument, and the court allowed the admission of Exhibit 1. There was no further discussion of redaction, and Exhibit 1 was given to the jury for deliberation.

On appeal, defendant assigns error to the admission of both the stalking protective order and the victim's petition for the order, arguing that both were inadmissible under OEC 403 because "the probative value of [the evidence] was outweighed by a danger of unfair prejudice." (Boldface omitted.) He also contends that the trial court erred in failing to engage in the balancing test outlined in *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987), in determining that the evidence was admissible. The state concedes that, "*if* an unredacted copy of Exhibit 1 was admitted at trial" (emphasis in original), then its admission was reversible error

---

[1] Under OEC 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

because "the petition and related documents contained irrelevant and prejudicial information that should not have been presented to the jury." The state argues, however, that "it is not entirely clear from this record" that the copy of Exhibit 1 that was actually presented to the jury included the petition, and it urges us to vacate the judgment and remand the case to the trial court to determine that fact.

We agree with defendant and the state that it was reversible error for the court to admit as evidence a copy of the victim's petition for a stalking protective order. And, the trial court record establishes that Exhibit 1, which was submitted to the jury for deliberations, contained that information. Accordingly, we reverse and remand on that basis; consequently, we need not reach defendant's challenge to the admission of the final stalking protective order itself. We also have no need to consider the state's suggestion that we remand for a fact-finding hearing.

Reversed and remanded.